UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE EPHEDRA PRODUCTS LIABILITY LITIGATION | : Miscellaneous Action No.: |
| KAREN MILLER, et al., | : 04 M.D. 1598 (JSR) |
| Plaintiffs, | : (United States District Court, Southern District of New York) |
| vs. | : Hon. Jed S. Rakoff |
| RS OLDCO, Inc., f/k/a REXALL SUNDOWN, INC., RL OLDCO, Inc., f/k/a RICHARDSON LABS, Inc., and RITE AID CORPORATION, | : |
| Defendants. | : |
| PERTAINS TO Miller v. RS Oldco, Inc., et al., 1:05-cv-09064 | : |

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RICHARD CALLERY, M.D. AND FOR ORDER OF CONTEMPT**

COME NOW Defendants R.S. Oldco, Inc., f/k/a Rexall Sundown, Inc., R.L. Oldco, Inc., f/k/a Richardson Labs, Inc., and Rite Aid Corporation ("Defendants"), and move the court for an order compelling Richard Callery, M.D., one of plaintiff's experts, to produce the documents required by a subpoena *duces tecum* served on him on November 21, 2006. Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, Defendants further request that Dr. Callery be held in contempt of court for failing to comply with a subpoena without adequate excuse.

I.   **Background Factual Information**

This case is a products liability action. Plaintiff Karen Miller alleges that her husband, Jeffrey Miller, suffered a subarachnoid hemorrhage and died suddenly as a result of his use of an

ephedra-containing dietary supplement. The toxicology testing performed at autopsy did not demonstrate the presence of ephedra or ephedrine at the time of death. (Medical Examiner's report, pp. 5MILL00020 – 5MILL00025, Exhibit A to Affidavit of Jennifer Snyder Heis)[1]

Pursuant to case management orders in MDL 1598 and the expert disclosure requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, Plaintiffs disclosed case-specific experts on September 29, 2006. Plaintiff designated Richard Callery, M.D., as one of her experts and served Dr. Callery's expert report on Defendants. Dr. Callery is a forensic pathologist and the Chief Medical Examiner for the State of Delaware. Dr. Callery opines that ephedra was a significant contributing factor to the death of Mr. Miller. (Callery dep., p. 19, Ex. B)

Defendants took Dr. Callery's deposition on November 17, 2006. At his deposition, Dr. Callery admitted that ephedra must have been present in Mr. Miller's body at the time he sustained the subarachnoid hemorrhage for him to conclude that ephedra was a substantial factor contributing to the death. (Callery dep., p. 21, Ex. B) He further stated that in his professional practice, he has made the determination that ephedra or ephedrine caused or contributed to the cause of death three to five times. (Callery dep., p. 58, Ex. B) Dr. Callery does not remember whether he had positive toxicological evidence that ephedra was present at the time of death in those cases. (Callery dep., pp. 58-59, Ex. B)

Shortly after Dr. Callery's deposition, Defendants served a subpoena *duces tecum* issued from this Court on Dr. Callery. The subpoena required production of the following documents:

1. The Medical Examiner's file, autopsy report, death certificate, litigation packet, and any other documents in your possession related to autopsies in which you have attributed the cause of death, in whole or in part, to ephedra or ephedrine.

---

[1] Hereinafter, all Exhibit references are to the Affidavit of Jennifer Snyder Heis.

   2. The Medical Examiner's file, autopsy report, death certificate, litigation packet, and any other documents in your possession related to autopsies in which a history of the use of ephedra or ephedrine was reported but where you did not attribute the cause of death, in whole or in part, to ephedrine.

(*See* November 21, 2006, subpoena *duces tecum*, Ex. C) The subpoena directed Dr. Callery to produce the documents on November 29, 2006. (*Id.*) Plaintiff's counsel requested that he would accept service of any subpoenas on his experts during an earlier discovery dispute in this litigation; therefore, the subpoena was served on Plaintiff's counsel, rather than Dr. Callery directly. Indeed, Plaintiff's counsel confirmed his acceptance of service on behalf of Dr. Callery. (*See* email of November 21, 2006, Ex. D)

Dr. Callery did not produce the requested documents. On December 15, 2006, in a good-faith effort to resolve the discovery dispute, defense counsel contacted Plaintiff's counsel to remind him of Dr. Callery's obligation to produce documents pursuant to the subpoena. (*See* Heis letter, Ex. E) On December 19, 2006, Plaintiff's counsel indicated that Dr. Callery would not comply with the subpoena. (December 19, 2006 email, Ex. F)

**II.    Argument and Citation of Authority**

   A.    The Subpoena Complies With Rule 45, and Neither Dr. Callery Nor Plaintiff Has Properly Objected to the Subpoena.

The subpoena at issue complied with Rule 45. The date for compliance with the subpoena was November 29, 2006. No objections to the subpoena were made within the time for compliance, as directed by Rule 45(c)(2)(B). Accordingly, to the extent Plaintiff's counsel asserts objections in the December 19, 2006 email, those objections are untimely and should not be considered by this Court.

Defendants are entitled to the documents requested in the subpoena. Even if the Court were to consider the objections set forth by Plaintiff's counsel in the December 19 email

3

correspondence, Plaintiff's counsel does not have standing to make those objections. With the exception of privilege claims, Rule 45 providess that <u>the person commanded to produce</u> and permit inspection and copying may serve written objections to the subpoena. *See* F.R.C.P. 45(c)(2)(B). Dr. Callery has made no such objections, and Plaintiff's counsel's email objections do not purport to be made on behalf of Dr. Callery.

    B. The Documents Sought are Reasonably Calculated to Lead to the Discovery of <u>Admissible Evidence.</u>

A subpoena *duces tecum* issued pursuant to Rule 45 is an appropriate discovery mechanism against nonparties such as a party's expert witness. *Expeditors Int'l of Washington, Inc. v. Vastera, Inc.*, 2004 U.S. Dist. LEXIS 2501, *9-10 (N.D. Ill. 2004). The documents sought in the subpoena directly relate to whether Dr. Callery should be permitted to testify as an expert pursuant to Federal Rule of Evidence 702, and may lead to information to be used in the cross-examination of Dr. Callery at trial. Discovery designed to obtain such information is proper and consistent with the Federal Rules of Civil Procedure.

Dr. Callery opines that the use of an ephedra-containing dietary supplement is a significant contributing cause of the death of Mr. Miller. (Callery dep., p. 19, Ex. B) Dr. Callery concedes that it is necessary to his opinion that Mr. Miller had some pharmacologically active dose of ephedra in his body at the time of death. (Callery dep., p. 21, Ex. B) In this case, the toxicological testing did not detect the presence of ephedrine, and Dr. Callery admits that he relies on circumstantial evidence to establish the facts necessary to reach his opinion:

    A. . . . I didn't think it was in dispute that he was seen taking [the product]. . . But I mean it was my understanding that—from general discussions with [plaintiff's counsel] and my review of the record of the family that he did take the medicine.

(Callery dep., p. 26, Ex. B) While Dr. Callery has determined that ephedra caused or contributed to the cause of death in his clinical practice, he could not recall whether he relied solely on circumstantial evidence to make those determinations. Dr. Callery further testified:

> Q. Have you had cases in your office where you have made the professional judgment that ephedra or ephedrine caused or contributed to cause of death?
>
> A. Yes.
>
> Q. How many?
>
> A. Probably three or—between three and five in my office over time, over the past ten years.
>
> Q. In . . . each of those cases did you have positive toxicology evidence of the presence of ephedra in the decedent's body?
>
> A. I don't remember.
>
> Q. Would you be able to go back and find those for us?
>
> A. Possibly.

(Callery dep., pp. 58-59, Ex. B) Whether Dr. Callery applied the same methods and analysis in this case as he would in his professional practice will be one factor considered by the Southern District of New York when it determines whether Dr. Callery will be permitted to testify as an expert under Rule 702. Thus, the documents are highly relevant to his opinions, and Defendants are entitled to review them if they are available.

The purpose of the gatekeeping function established by Rule 702 and *Daubert* is to "make certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). In this case, Dr. Callery cannot tell us whether he employed the same intellectual rigor to his analysis of the cause of death here as he himself uses in his practice as a forensic pathologist. Accordingly, Defendants are entitled to documents, which Dr. Callery told

us he possibly has within his possession, custody, or control. Those documents would demonstrate whether Dr. Callery used the same standards and methods to reach his opinions in this case as those he regularly employs in his practice as a forensic pathologist.

In addition, the documents requested could be a source of important cross-examination material. Dr. Callery might be able to use his prior experience with ephedra to lend credibility to his opinions. Without the documents, Defendants will be precluded from meaningful cross-examination of Dr. Callery concerning whether the facts of the cases in which he determined the cause of death to be related to ephedra are similar to the facts at issue here. Such information could be critical to a jury's understanding of the medical issues in this case and the weight afforded to Dr. Callery's opinion. Therefore, the documents are relevant and within the permissible scope of discovery. Defendants cannot obtain the documents from any other source.

In his email of December 19, Plaintiff's counsel raised privacy concerns as a reason the documents cannot be produced. Dr. Callery or his office can easily address that concern by redacting any names or identifying information from the records. Defendants have made every effort to minimize the burden on Dr. Callery. The subpoena is narrowly drafted to require the production of only highly relevant materials that Dr. Callery mentioned at deposition. In addition, Defendants have agreed to compensate Dr. Callery for the time spent searching for the records and preparing them for production. (*See* Callery dep., p. 59, Ex. B) Under the circumstances, where Dr. Callery voluntarily decided to serve as an expert and is being compensated for his time, any burden imposed by the subpoena does not rise to the level of undue burden.

C.  **Dr. Callery Should Be Held In Contempt For His Failure to Comply with the <u>Subpoena.</u>**

Rule 45(e) states that failure to obey a subpoena is contempt of court. As Dr. Callery has failed to object to or obey a subpoena without adequate excuse, Defendants request that he be held in contempt, and Defendants be awarded the costs of pursuing this motion.

**III.  Conclusion**

For the foregoing reasons, Defendants request that the Court compel Dr. Callery to produce the documents requested in Defendants' subpoena *duces tecum* by a date certain, and that Dr. Callery be held in contempt.

Respectfully Submitted,

MCCARTER & ENGLISH, LLP

/s/ Andrew S. Dupre
Andrew S. Dupre (DE Bar Id. No. 4621)
919 N. Market Street, Suite 1800
Wilmington, DE 19801
Phone: (302) 984-6328
Fax: (302) 984-0311
Attorney for Defendants

OF COUNSEL:

Michael J. Suffern
Jennifer Hageman
Jennifer Snyder Heis
ULMER & BERNE LLP
600 Vine St., Suite 2800
Cincinnati, OH 45202

Dated: January 18, 2007

ME1\6110013.1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE EPHEDRA PRODUCTS LIABILITY LITIGATION | : Miscellaneous Action No.: |
| | : |
| KAREN MILLER, et al., | : 04 M.D. 1598 (JSR) |
| Plaintiffs | : (United States District Court, Southern District of New York) |
| vs. | : |
| | : Hon. Jed S. Rakoff |
| RS OLDCO, Inc., f/k/a REXALL SUNDOWN, INC., RL OLDCO, Inc., f/k/a RICHARDSON LABS, Inc., and RITE AID CORPORATION, | : |
| Defendants. | : |

PERTAINS TO Miller v. RS Oldco, Inc., et al., 1:05-cv-09064

### AFFIDAVIT OF JENNIFER SNYDER HEIS IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR ADDITIONAL DISCOVERY

JENNIFER SNYDER HEIS, ESQ., being duly sworn, deposes and says:

1.  I am an attorney with the law firm of Ulmer & Berne, LLP, which represents Defendants R.S. Oldco, Inc., f/k/a Rexall Sundown, Inc.; R.L. Oldco, Inc., f/k/a Richardson Labs, Inc., and Rite Aid Corporation in litigation pending in the United States District Court, Southern District of New York.

2.  This Affidavit is submitted in support of Defendants' Motion to Compel Production of Documents from Richard Callery, M.D., and for Order of Contempt.

3.  Attached as Exhibit A is a true and accurate copy of documents obtained from the West Virginia Medical Examiner's Office regarding the death of Jeffrey Miller, Bates labeled 5MILL 00001-5MILL 00025.

4. Attached as Exhibit B is a true and accurate copy of excerpts of the deposition of Richard Callery, M.D., pp. 19, 21, 26, 58-59.

5. Attached as Exhibit C is a true and accurate copy of the subpoena *duces tecum* to Richard Callery, M.D., dated November 21, 2006.

6. Plaintiff's counsel accepted service of the subpoena *duces tecum* on Dr. Callery. Attached as Exhibit D is a true and accurate copy of the email by which Plaintiff's counsel, Scott Levensten, confirmed that he accepted service of the subpoena.

7. When Dr. Callery did not produce documents, I wrote a letter to Mr. Levensten in an effort to obtain the documents requested in the subpoena. A true and accurate copy of my letter, which was dated December 15, 2006, is attached as Exhibit E.

8. A true and accurate copy of Mr. Levensten's email of December 19, 2006, responding to my letter, is attached as Exhibit F.

            Jennifer Snyder Heis

Sworn to before me this
18th day of January, 2007.

Notary Public

SUNDY L. BLUME
Notary Public, State of Ohio
My Commission Expires
May 27, 2008

## CERTIFICATE OF SERVICE

I, Andrew S. Dupre, certify that on this 18th day of January, 2007, I caused to be served a copy of the foregoing Defendants' Motion to Compel the Production of Documents from Richard Callery, M.D. and for Order of Contempt via electronic mail and/or U.S. mail upon the following:

**Plaintiffs' Counsel**
Scott D. Levensten, Esquire
The Levensten Law Firm
1325 Spruce Street
Philadelphia, PA 19107
E-mail: sdl@levenstenlawfirm.com
Tel: 215-545-5600
Fax: 215-545-5156 FAX

Barry Hill, Esquire
Hill & Williams
89 12th Street
Wheeling, WV 26003
E-mail: bhill@hwlaw.us
Tel: 304.233.4966
Fax: 304.233.4969

/s/ Andrew S. Dupre
Andrew S. Dupre (DE Bar Id. No. 4621)